

FILED
IN COURT
ASHEVILLE, N.C.

OCT 2 9 2012

U.S. DISTRICT COURT
W. DIST. OF N.C.

DOCKET NO. 1:12CR105

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER AND** |
| v. | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |
| 2) RONALD JEREMY KNOWLES, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the defendant RONALD JEREMY KNOWLES has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 18 U.S.§ 1028, 18 U.S.C. § 1029, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein;

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and that the defendant has a legal or possessory interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the

1

property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

WHEREAS, the undersigned United States District Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

a. **United States currency in the amount of $24,396 seized on or about May 3, 2012;**

b. **$83,180.99 held in Green Dot accounts at Synovus Bank, 605 East Huntington Drive #205, Monrovia, CA 91016, associated with Green Dot debit cards and MoneyPak cards seized on or about May 3, 2012;**

c. **A 2008 GMC Yukon XL Sport Utility Vehicle, VIN # 1GKFK16318J137535;**

d. **A 1970 Cadillac, VIN # F0281791;**

e. **A 2011 Bobmardier Spyder RTS motorcycle, VIN # 2BXJBWC12BV001642;**

f. **A Samsung Model SCH-I515 cell phone, IMEI # 990000282602699;**

g. **An Apple iPad model # A1219, Serial # GB0426VNZ3A;**

h. **An Apple Mac Book Pro Model # A1278, Serial # C17GP0YGDV13; and,**

i. **All paper records seized from 90 Kingfisher Lane, Mill Spring, North Carolina, or or about May 3, 2012.**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this

order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

SO AGREED:

_____
DON GAST
Assistant United States Attorney


_____
RONALD JEREMY KNOWLES
Defendant


_____
RODNEY GENE HASTY
Attorney for Defendant


Signed this the 29th day of October, 2012.

_____
MAX O. COGBURN
UNITED STATES DISTRICT JUDGE

3